IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR GROUP, INC. AND COSTAR REALTY INFORMATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MAHONEY & ASSOCIATES COMMERCIAL REAL ESTATE AND DEV PATEL,<br><br>Defendants. | Case No.:  5:18-cv-06096-NC<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

### [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the stipulation of Plaintiffs CoStar Group, Inc. and CoStar Realty Information, Inc. (together, "CoStar") and Defendants Mahoney & Associates Commercial Real Estate ("Mahoney") and Dev Patel ("Patel," and together with Mahoney, "Defendants"), the Court hereby:

### **JUDGMENT**

ORDERS that final judgment shall be and is hereby entered in this action, pursuant to Federal Rule of Civil Procedure 58(a), as follows:

1. Judgment is hereby entered in favor of CoStar and against Patel on CoStar's claims of violations of the Copyright Act, the Computer Fraud and Abuse Act, the California Computer Data Access and Fraud Act, and fraud, and in favor of CoStar and against Mahoney on CoStar's claim of violations of the Copyright Act.

2.  Patel is hereby ordered to pay CoStar the sum of $500,000 (five hundred thousand dollars) as a result of his actions.

3.  Mahoney is hereby ordered to pay CoStar the sum of $500,000 (five hundred thousand dollars) as a result of its actions.

4.  The payments required by the preceding two paragraphs and the injunctive relief provided herein redress only acts, omissions, and injuries that are attributable to Defendants alone; the payment and injunctive relief do not redress acts, omissions, or injuries that are attributable to any other individual or entity.

## PERMANENT INJUNCTION

ORDERS that a Permanent Injunction is entered as follows:

1.  For the purposes of this Permanent Injunction, the following definitions shall apply:

    a.  "CoStar" means CoStar Group, Inc., and CoStar Realty Information, Inc., and all and any parent, subsidiary, sister company, affiliate, related entity, assignee, transferee, designee, alter ego, or successor in interest.

    b.  "CoStar Database" means any subscription database owned or operated by CoStar, now or in the future, including databases licensed under the name or names CoStar, CoStar Property, CoStar Comps, CoStar Tenant, CoStar Suite, CoStar Market Analytics, CoStar Portfolio Strategy, CoStar Go, CoStar Mobile, CoStar Risk Analytics, CoStar Real Estate Manager, CoStar Brokerage Applications, CoStar Private Sale Network, CoStar News, CoStar Lease Comps, or CoStar Lease Analysis.

    c.  "Mahoney" means Mahoney & Associates Commercial Real Estate, and all and any parent, subsidiary, or affiliate.

    d.  "Patel" means Dev Patel.

2.  Defendants shall be permanently restrained and enjoined from (a) accessing any CoStar Database without authorization from CoStar; (b) sharing any password for any CoStar Database with any individual or entity that is not authorized by CoStar to utilize such password; (c) providing any form of assistance to any individual or entity seeking to obtain unauthorized

access to any CoStar Database; (d) downloading data or other content from any CoStar Database without authorization from CoStar; and (e) providing data or other content obtained from any CoStar Database to any other individual or entity without authorization from CoStar.

3. Defendants shall be further permanently restrained and enjoined from infringing, by any means, directly or indirectly, any exclusive rights under the Copyright Act in any of CoStar's copyrighted photographs.

4. Upon proof of a violation of either paragraph 2 or 3 of this Permanent Injunction, the Court shall award damages against the Defendant found to be responsible for the violation in the amount of $25,000 per infringing photograph per day of infringement, and $25,000 per real estate listing accessed, downloaded or provided without authorization. This relief is non-exclusive and shall be in addition to any other relief ordered by the Court.

5. The Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Judgment and Permanent Injunction. Any such matters shall be raised by motion. The parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by the Court is improper or inconvenient.

6. The parties irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Defendants shall give notice of this Judgment and Permanent Injunction to each of their officers, directors, members, agents, servants, employees, assigns, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them, to the extent such persons exist, and shall request adherence to the terms of this Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Date:  January 10, 2019

_____
UNITED STATES MAGISTRATE JUDGE



3
JUDGMENT AND PERMANENT INJUNCTION, Case No.:  5:18-cv-06096-NC